IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROBERT K. SANTANA, | ) | Civil No. 16-00367 ACK-KJM |
|---|---|---|
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| vs. | ) ) ) |  |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) |  |
| Defendant. | ) ) |  |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Robert K. Santana ("Plaintiff") filed a Motion for Attorneys' Fees ("Motion") on June 23, 2017. *See* ECF No. 23. On July 20, 2017, Defendant Nancy A. Berryhill, acting Commissioner of Social Security Administration ("Defendant"), filed an Opposition to the Motion. *See* ECF No. 26. On July 24, 2017, Plaintiff filed her Reply. *See* ECF No. 27.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully reviewing the filings and the record in this case, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion.

BACKGROUND

This matter arises from Plaintiff's appeal of the Social Security Administration Commissioner's denial of Social Security disability insurance benefits to Plaintiff. On April 3, 2017, the district court issued its Order Reversing the Decision of the Commissioner of Social Security and Remanding for Further Proceedings ("4/3/17 Order"). *See* ECF No. 20. On April 20, 2017, the Clerk of Court entered judgment in favor of Plaintiff. *See* ECF No. 21.

Plaintiff timely filed his Motion on June 23, 2017. In the Motion, Plaintiff seeks to recover attorneys' fees he incurred in this action. On July 6, 2017, Plaintiff filed a Statement of Consultation, indicating that the parties' counsel had met and conferred pursuant to Local Rule 54.3, but were unable to reach a settlement as to the Motion.

DISCUSSION

A.   Entitlement to Fees

Plaintiff requests an award of attorneys' fees pursuant to, among other things, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] *See* ECF No. 23 at 2. Under the EAJA, a prevailing party is entitled to an award of attorneys' fees absent special circumstances:

---

[1] Plaintiff also cites 42 U.S.C. § 406(b) as a basis for the Motion. *See* ECF No. 23 at 2. Based on the arguments in the Motion, however, it appears that Plaintiff is only seeking an award of attorneys' fees pursuant to the EAJA. Accordingly, the Court does not address an award of fees under § 406(b).

2

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff is a prevailing party or that the position of the United States was not substantially justified in opposition to this action. Instead, Defendant only disputes the reasonableness of Plaintiff's fee request.

B.     Calculation of Award

Courts use the lodestar method set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), to calculate an award of reasonable attorneys' fees in cases brought pursuant to 42 U.S.C. § 1983. The Ninth Circuit Court of Appeals has previously applied the *Hensley* lodestar method to attorneys' fee requests under the EAJA. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citations omitted) ("This court applies the principles set forth in *Hensley*—and other cases interpreting 42 U.S.C. § 1988—to determine what constitutes a reasonable fee award under the EAJA."); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

Plaintiff requests the following lodestar amount for work performed in this case:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Diane C. Haar, Esq. ("Ms. Haar") | 75.3 | $192.68 | $14,508.80 |

ECF No. 23-3 at 3. Ms. Haar submitted a Declaration in support of the Motion ("Haar Declaration"). *See* ECF No. 23-2. According to the Haar Declaration, Ms. Haar graduated from law school in 2003, and has been practicing social security law since 2008. *See id.* at ¶ 5. Ms. Haar also states that she has "pursued approximately 1,000 cases before the Social Security Administration, with recent work before the Federal Courts." *Id.* at ¶ 6.

1. Reasonable Hourly Rate

An award of attorneys' fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The Court has an independent duty to review a fee request to determine its reasonableness." *Osier v. Comm'r Soc. Sec. Admin.*, Case No. 3:16-cv-01061-MA, 2017 WL 3297514, at *2 (D. Or. Aug. 2, 2017) (citing *Hensley*, 461 U.S. at 433). Under the EAJA, fees are to be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour[.]" 28 U.S.C. § 2412(d)(2)(A). This statutory rate may be exceeded only where "the court determines that an increase in the cost of living or a special factor, such as the

limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

Plaintiff asserts that the cost-of-living adjusted statutory rate for work performed in 2016, which is the time period relevant to Plaintiff's Motion, is $195.40 per hour. *See* ECF No. 23-1 at 7-8. Plaintiff also acknowledges, however, that the Ninth Circuit's statutory maximum hourly rate under the EAJA for work performed in 2016 is $192.68. *See* ECF No. 23-1 at 8 (citing *Statutory Maximum Rates Under the Equal Access to Justice Act*, United States Courts for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Plaintiff thus requests that the Court apply an hourly rate of $192.68 to the hours Ms. Haar expended in this matter.

The Motion sets forth the calculation method Plaintiff used to determine the cost-of-living adjusted statutory rate. *See* ECF No. 23-1 at 7-8. Other than the statements in her Declaration, however, Ms. Haar does not submit any additional evidence to substantiate the figures used in the calculations, or otherwise demonstrate that $192.68 is the prevailing hourly rate in the Honolulu market for the kind and quality of services furnished in this case. *See Matera v. Astrue*, CIV. No. 07-00227 SPK-LEK, 2009 WL 3172735 (D. Haw. Oct. 2, 2009) (citing *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)) ("In

5

addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable."); *see also Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, CIVIL NO. 14-00520 DKW-KSC, 2017 WL 810277, at *9 (D. Haw. Mar. 1, 2017) (citing *Johnson*).

Notwithstanding the lack of additional evidence from Ms. Haar, the Court finds that Plaintiff's requested hourly rate of $192.68 is reasonable. This district court has previously found that $165 and $172.50 per hour were reasonable rates under the EAJA for work performed in 2007 and 2008, respectively, in an appeal involving a denial of social security disability benefits. *See Matera*, 2009 WL 3172735, at *4. The Court acknowledges that the *Matera* court awarded such rates to an attorney with approximately 34 years of experience, whereas Ms. Haar had approximately eight years of experience when she performed work in this case. *See id.* at 3.

Nevertheless, the Court also considers the fact that Ms. Haar's eight years of practice has focused on social security law and almost ten years have passed since the decision in *Matera*. Most significantly, though, the Court notes that Defendant does not contest Plaintiff's calculation method or Plaintiff's requested hourly rate. *See Morris v. Barnhart*, No. Civ. 04-00517 ACK-BMK, 2006 WL 839292, at *1 (D. Haw. Mar. 28, 2006), *adopted by*, 2006 WL 1153739 (D. Haw. Apr. 24, 2006) ("Because . . . [the d]efendant does not oppose the

6

requested hourly rate, the Court need only address the reasonableness of [the p]laintiff's requested hourly amount."); *see also Osier*, 2017 WL 3297514, at *2-3 (applying the plaintiff's requested rate of $192.68 for work performed in 2016 after noting that the defendant did not contest the requested hourly rate).

For the foregoing reasons, the Court thus finds that Plaintiff's requested hourly rate of $192.68 for worked performed in 2016 is reasonable.

2. Hours Reasonably Expended

Plaintiff seeks to recover attorneys' fees for the 75.3 hours Ms. Haar expended in this case. *See* ECF No. 23-3. In its Opposition, Defendant identifies a number of categories of work that Defendant argues are non-compensable. The Court addresses each of these categories in addition to the entries this Court finds excessive based on its own independent review of the Motion. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) ("Not only is the district court required to independently review plaintiffs' fee request even absent defense objections, but upon submitting their rebuttal evidence to plaintiffs' claimed reasonable hours, defendants were entitled to have the district court review both their objections and plaintiff's claimed hours.").

a. Clerical Tasks

Defendant contends that the Court should reduce Plaintiff's total fee request by 3.8 hours for counsel's time spent on clerical tasks. *See* ECF No. 26

7

at 3.  In response to Defendant's contention, Plaintiff agrees to reduce his request by 3.4 hours.  *See* ECF No. 27 at 8-9.  For the reasons set forth below, the Court agrees with Defendant that the remaining 0.4 hours at issue were for clerical tasks.

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  *Jeremiah B. v. Dep't of Educ.*, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing *Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  The following is a list of clerical and ministerial tasks deemed non-compensable in this district:

> reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for fling with the Court; filing documents with the Court; informing a client that a document has been filed; . . . copying, printing, and scanning documents, receiving, downloading, and emailing documents; and communicating with Court staff.

*Crawford v. Japan Airlines*, Civil No. 03-00451 LEK-KSC, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), *adopted by*, 2014 WL 1326580 (D. Haw. Mar. 28, 2014) (citations omitted).

According to Plaintiff's counsel's time entries, the 0.4 hours at issue appear to consist of the following tasks:  (1) 3/6/17 – 0.2 hours to "Send Formal Request for New Hearing Date"; (2) 3/7/17 – 0.1 hours to "Confer re hearing

date"; and (3) 3/7/17 – 0.1 hours to "Calendar New Hearing Date."[2] *See* ECF No. 23-3 at 2; *see also* ECF No. 18 (3/7/17 EO noticing a new hearing date "[p]ursuant to Plaintiff's request"). Contrary to Plaintiff's contentions, the Court agrees with Defendant that such tasks are clerical in nature and, therefore, non-compensable.

Moreover, the Court notes that Ms. Haar's entry on 3/7/17 stating, "Confer re hearing date," lacks sufficient information for this Court to discern whether this entry is proper. A party seeking attorneys' fees bears the burden of keeping records in sufficient detail so that "a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. Of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008). Ms. Haar's entry above is vague, and does not indicate with whom she conferred. The Court is thus unable to make a fair evaluation of the reasonableness of this time entry.

---

[2] The time entries identified by Defendant as clerical tasks actually include 0.5 hours-worth of entries that refer to time Ms. Haar spent obtaining a new hearing date. Plaintiff, however, does not identify which time entries he does and does not dispute are non-compensable, clerical tasks. In the Reply, Plaintiff argues that he is entitled to recover fees "requesting to move the hearing date" and calendaring the new hearing date. ECF No. 27 at 9. Based on Ms. Haar's time entries, the Court construes Plaintiff's argument to seek recovery of fees for the 0.4 hours Ms. Haar spent on 3/6/17 and 3/7/17 to reschedule and calendar the new hearing date. *See* ECF No. 23-3 at 2.

9

The Court also performed its own independent analysis of Plaintiff's counsel's time entries. In doing so, the Court identified an additional 0.4 hours Plaintiff's counsel expended on a clerical task. *See* ECF No. 23-3 at 1 (0.4 hours on 7/1/16 to "File Initial Documents"). The Court FINDS that Plaintiff is not entitled to recover fees for this clerical task. *See Crawford*, 2014 WL 1326576, at *4 (stating that "filing documents with the Court" constitutes a clerical task).

Based on the foregoing, the Court recommends that the district court deduct 4.2 hours from Plaintiff's total requested hours for time spent on clerical tasks.

b. Block Billing

Defendant argues that "Plaintiff's block billing warrants a reduction of fees . . . ." ECF No. 26 at 4. Defendant identifies nine purportedly block-billed entries, totaling 26.9 hours of Ms. Haar's expended time. *See id.*

"Block billing refers to the practice of recording various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." *Painsolvers, Inc. v. Statefarm Mut. Auto. Ins. Co.*, CIV. No. 09-00429 ACK-KSC, 2012 WL 25292998, at *13 (D. Haw. June 28, 2012) (citation and internal quotation marks omitted). This practice violates Local Rule 54.3(d), which requires that a memorandum in support of a motion for attorneys' fees describe "the work

performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ." LR54.3(d). The Ninth Circuit Court of Appeals has recognized a district court's authority to reduce hours that are billed in block format. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Generally, the district court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s] those hours that were actually billed in block format." *Id.* (quoting *Sorenson*, 239 F.3d at 1146).

The Court agrees that some of the entries that Defendant has identified are block-billed entries that describe two tasks in the same entry. *See, e.g.*, ECF No. 23-3 at 2 (12/23/16 – 3.9 hours spent "Research and Begin Drafting Credibility Argument"). The limited instances of block-billed entries, however, do not prevent the Court from evaluating the reasonableness of the hours expended. *See Dep't of Educ. Haw. v. C.B. ex rel. Donna B.*, Civil No. 11-00576 SOM-RLP, 2012 WL 7475406, at *10 (D. Haw. Sept. 28, 2012) (citing *Ko Olina Dev., LLC v. Centex Homes*, CV. NO. 09-00272 DAE-LEK, 2011 WL 1235548, at *11 (D. Haw. Mar. 29, 2011)) (declining to apply a percentage reduction for block billing because "[v]iewing the record as a whole, the limited of instances of block billing do not prevent the Court from evaluating the reasonableness of the hours

expended."). The Court thus declines to apply a percentage reduction for block billing.

   c. Excessive Hours Expended

Defendant argues that the 15.5 hours Ms. Haar expended editing Plaintiff's opening brief is excessive, considering that previous entries indicate that Ms. Haar had already drafted the arguments at that point. *See* ECF No. 26 at 5. For the same reason, Defendant also argues that the 8.5 hours Ms. Haar expended editing the reply brief is excessive. *See id.* Defendant urges this Court to impose a 75% reduction to these disputed 24 hours, but cites no authority to support such a high percentage reduction. *See id.* at 5-6.

Defendant appears to suggest the 75% reduction with the goal of reducing Plaintiff's total request to an amount between 20 to 40 hours. Defendant asserts this is the "average range" of hours spent on social security cases. *See* ECF No. 26 (other citation omitted) (citing *Harden v. Comm'r Soc. Sec.*, 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007)). The Ninth Circuit explicitly held in *Costa*, however, that "it is improper for the district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits." *Costa*, 690 F.3d at 1134 (footnote omitted) (abrogating *Harden*).

Based on the Opposition, this Court can only conclude that Defendant made its suggestion to impose an arbitrary 75% reduction to the disputed fees "with an eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services provided in [Plaintiff's] case." *Costa*, 690 F.2d at 1137. The *Costa* court noted, however, that "[w]hile district courts may consider this fact in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours *or make reductions with a target number in mind.*" 690 F.3d at 1136 (emphasis added). To adopt Defendant's suggestion would run contrary to *Costa*. Instead, the Court must determine the reasonableness of Plaintiff's request hours based on the specific circumstances of this case.

As set forth above, Defendant argues that 15.5 hours expended by Ms. Haar to edit the opening brief is excessive. Ms. Haar's time entries indicate that she expended a total of 31.4 hours drafting the opening brief, including time spent researching the relevant medical opinions, drafting the arguments, and subsequently editing them. *See* ECF No. 23-3 at 1-2. The record indicates that this case involved eleven different medical opinions, among other things, and a record on appeal consisting of over 1,000 pages. Based on the foregoing, and viewing Plaintiff's request as a whole, the Court finds that the 31.4 hours Ms. Haar

13

expended drafting the opening brief is reasonable. Accordingly, the Court declines to reduce this amount for excessiveness.

Defendant also argues that the 8.5 hours Ms. Haar spent editing the reply brief is excessive. Ms. Haar's time entries indicate that she expended a total of 18.4 hours drafting the reply brief. *See* ECF No. 23-3 at 1-2. The Court finds this amount to be reasonable and, therefore, declines recommend a reduction for excessiveness. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (recognizing that because "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees[,]" courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . .").

C.  Total Lodestar Reward

In sum, the Court finds that Plaintiff has established the reasonableness of an award of attorneys' fees as follows:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Diane C. Haar, Esq. | 71.1[3] | $192.68 | $13,699.55 |

CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion

---

[3] The 71.1 hours reflects the 4.2 hours deducted from Plaintiff's total requested 75.3 hours for clerical tasks.

for Attorneys' Fees. Specifically, the Court RECOMMENDS that the district court award $13,699.55 for attorneys' fees to Plaintiff's counsel. The Court RECOMMENDS that the district court deny Plaintiff's request for attorneys' fees in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, August 31, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Robert K. Santana v. Nancy A. Berryhill*, CV 16-00367 ACK-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees